■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MASA KURAMURA, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered July 1, 1987, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to an indeterminate prison term of 8⅓ to 25 years, modified, as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of 5 to 15 years, and otherwise affirmed.

By indictment filed October 26, 1986, defendant was charged with the crime of murder in the second degree. The charge stemmed from an incident which occurred at approximately 1:00 A.M. on October 17, 1986, in which defendant fatally stabbed 27-year-old Tsung Mieng Lu at the Sam Bok restaurant in Manhattan.

Prior to the stabbing, defendant and the decedent insulted each other about their ethnic heritage, defendant being Japanese and the decedent Chinese. Defendant became enraged and challenged decedent to a fight. In the struggle that ensued, the decedent sustained three fatal stab wounds in the chest.

At trial, defendant testified that due to his drunkenness—he had consumed approximately 25 beers prior to the incident—he could not clearly remember what had occurred. He stated, however, that he never intended to kill or seriously injure the decedent.

The jury acquitted defendant of murder in the second degree, but convicted him of manslaughter in the first degree. The sentencing court, although stating that it was "sure" that this incident would never have occurred had defendant not been drunk, nonetheless sentenced him, as noted above, to the maximum term permitted under the law for the crime of which he was convicted.

Upon review of the record, we find defendant's sentence to be unduly harsh. Defendant, who has continually expressed his remorse over this tragic incident, has no prior arrests or convictions. It is also noteworthy that defendant, who was 35 years old at the time of sentence, alleges that he has a history of gainful employment. As such, the record fails to suggest that defendant is a hardened criminal who deserves a prison term of the length imposed here.

Accordingly, pursuant to this court's authority under CPL

470.15 (2) (c); (6) (b), the judgment 'is modified to reduce the sentence to 5 to 15 years, and is otherwise affirmed. Concur— Carro, J. P., Milonas and Wallach, JJ.,

Smith, J., dissents in part in a memorandum as follows: I would affirm the sentence as well as the finding of guilt of manslaughter in the first degree. The trial court did not abuse its discretion. The defendant engaged in an argument with the deceased in a bar. At the time of the incident leading to defendant's arrest, the argument had ceased. Defendant suddenly stood up and challenged the deceased to fight. Defendant seized a knife and approached an unarmed man. He was clearly the aggressor. The deceased attempted to defend himself with a chair. The defendant stabbed the deceased three times in the abdomen and chest.

On these facts the jury found the defendant not guilty of murder in the second degree, but found him guilty of manslaughter in the first degree. Defendant's lack of a prior record and his remorse after the incident are, in my view, insufficient reason for a conclusion that the trial court abused its discretion by imposing a sentence of 8⅓ to 25 years rather than one of 5 to 15 years. Moreover, while the majority concludes that the defendant has a history of gainful employment the probation report indicates that the defendant has no documented work history and claims to have worked off the books. The same probation report indicates the severe and traumatic effect of the incident on the family of the deceased.